# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-211V

```
* * * * * * * * * * * * * *    *
                              *
MARK CUNNINGHAM,              *
                              *
            Petitioner,       *      Special Master Shah
                              *
v.                            *      Filed: June 29, 2026
                              *
SECRETARY OF HEALTH           *
AND HUM. SERVICES,            *
                              *
            Respondent.       *
                              *
* * * * * * * * * * * * * *    *
```

*Nancy Meyers,* Turning Point Litigation, Greensboro, NC, for Petitioner.
*Mark Hellie,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 24, 2022, Mark Cunningham ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged he suffered from Guillain-Barré syndrome ("GBS") and/or chronic inflammatory demyelinating polyradiculopathy ("CIDP") as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on April 30, 2020. *Id.* at 1. On October 23, 2025, the parties filed a stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 50-51. Petitioner was awarded $110,000.00 in damages. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On January 14, 2026, Petitioner filed an application for final attorneys' fees and costs. ECF No. 56 ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $46,254.73, consisting of $45,685.50 in attorneys' fees and $569.23 in attorneys' costs. Fees App., Ex. 1 at 24-25. Petitioner has not personally incurred any costs related to the prosecution of his claim. *See* Fees App., Ex. 2. Respondent responded to the motion on January 28, 2026, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 57 ("Fees Resp.") at 2, 3. Petitioner filed a reply on January 28, 2026. ECF No. 58 ("Fees Reply").

This matter is now ripe for consideration.

## I.      Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his counsel: for Ms. Nancy Meyers: $400.00 per hour for work performed in 2020, $430.00 per hour for work performed in 2021, $460.00 per hour for work performed in 2022, $490.00 per hour for work performed in 2023, $530.00 per hour for work performed in 2024-2025, and $570.00 per hour for work performed in 2026; for Mr. L. Cooper Harrell: $430.00 per hour for work performed in 2022, $460.00 per hour for work performed in 2023, $490.00 per hour for work performed in 2024-25, and $550.00 per hour for work performed in 2026; for Ms. Hillary Kies: $370.00 per hour for work performed in 2022, $390.00 per hour for work performed in 2023, $410.00 per hour for work performed in 2024-

2025, and $470.00 per hour for work performed in 2026; and for Mr. Tyler Nullmeyer: $275.00 per hour for work performed in 2022, $290.00 per hour for work performed in 2023, $315.00 per hour for work performed in 2024, $350.00 per hour for work performed in 2025, and $430.00 per hour for work performed in 2026. Fees App., Ex. 1 at 1. Petitioner also seeks compensation for paralegals ranging from $150.00-$210.00 per hour for work performed from 2020-2026. *Id.* The rates requested for 2020-2025 are consistent with what counsel and staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Gray v. Sec'y of Health & Hum. Servs.*, No. 23-0461V, 2025 WL 2401994 (Fed. Cl. Spec. Mstr. July 18, 2025); *DaSilva v. Sec'y of Health & Hum. Servs.*, No. 21-0545V, 2024 WL 4132930 (Fed. Cl. Spec. Mstr. Aug. 7, 2024). For 2026, although rates have not previously been awarded for the Turning Point Litigation firm, I find the rates requested here to be reasonable.

## B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. A few entries in the submitted billing records, totaling 3.70 hours, were for clerical work such as preparing and filing documents in CM/ECF. *See generally* Fees App., Ex. 1. Examples include (but are not limited to):

- March 25, 2022: 0.50 hours billed at $160.00/hour by paralegal to "Prepare Petitioner's PAR questionnaire as Exhibit for filing with Court, reply to same; Filing of PAR Questionnaire, updated Exhibit List, and Notice of Filing with Court; Prepare Statement of Completion, filing of same with Court";

- November 23, 2022: 0.10 hours billed at $160.00/hour by paralegal for "Filing of Joint Status Report with Court";

- April 11, 2023: 0.10 hours billed at $165.00/hour by paralegal to "Prepare updated records from Atrium Health Neurology as Exhibit for filing with Court."

*See id.* These clerical and administrative tasks resulted in $634.00 in charges. Accordingly, I will reduce the award for attorneys' fees by that amount.

Therefore, Petitioner is awarded final attorneys' fees in the amount of $45,051.50.

## C. Attorneys' Costs

3

As with attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $569.23 in attorneys' costs. Fees App., Ex. 1 at 25. This amount consists of costs associated with acquiring medical records, the Court's filing fee, and postage costs. Fees App., Ex. 1 at 25. Petitioner has provided adequate documentation supporting all requested costs, and Respondent has not identified any specific costs as objectionable. *See id.* at 26-36. I find these costs to be reasonable and award them in full.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $45,685.50 |
| (Reduction to Fees) | ($634.00) |
| **Total Attorneys' Fees Awarded** | **$45,051.50** |
| | |
| Attorneys' Costs Requested | $569.23 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$569.23** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$45,620.73** |

**Accordingly, I award a lump sum in the amount of $45,620.73, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

   **IT IS SO ORDERED.**

                                        **s/ Jennifer A. Shah**
                                        Jennifer A. Shah
                                        Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).